IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0377

_____

IN THE MATTER OF AMENDING THE RULES
FOR PUBLIC ACCESS AND PRIVACY TO                    O R D E R
COURT RECORDS IN MONTANA

_____

On February 13, 2007, this Court adopted the Rules for Privacy and Public Access to Court Records in Montana (the Rules) and ordered that the Rules would be effective on December 31, 2007, "recognizing that certain rules or parts thereof may become applicable only when the technology contemplated by the rule or part thereof becomes available to the courts." On December 11, 2007, Judy Meadows, State Law Librarian, and Karen Nelson, Director of Information Technology, Office of the Supreme Court Administrator, Co-Chairs of the Task Force (referred to in our February 13, 2007 Order) filed their petition to amend the Rules and to extend the implementation date thereof. This petition requested an amendment to Section 4.5(c) of the Rules and further requested that the implementation date of the Rules be extended for the purpose of receiving additional comments and addressing various concerns expressed by the clerks of court and members of the Bar with regard to the procedures and processes necessary to implement the Rules. In response to this petition, we issued our Order dated December 12, 2007, amending Section 4.5(c) of the Rules and extending the implementation date of the Rules to July 1, 2008, along with an intervening 60-day public comment period. This comment period has now expired; the comments received have been filed with the Clerk of this Court and have been considered and addressed; and the Task Force has made its

1

"Report to the Court, along with its Recommendations for Rule Changes and Guidance Materials for Courts and Litigants" (the Report).

At its public meeting on June 17, 2008, the Court discussed the Report and the public comments. The Court noted its concerns that the rules of electronic filing of court documents, which are presently under study and being developed by a subcommittee of the Task Force, incorporate adequate protection of the privacy of crime victims and other personally identifying information included in court documents. The Court asked that it be kept apprised of the subcommittee's work plan and its progress in drafting proposed rules for electronic filing of court documents. Having thus considered the Report and recommendations, and having concluded that the recommendations are appropriate, good cause shown;

IT IS ORDERED that Section 4.0—Applicability of the Rules adopted by this Court on February 13, 2007, along with the Task Force commentary and selected text CCJ/COSCA Guidelines for Public Access to Court Records, is repealed. In lieu thereof a new Section 4.00 is adopted as follows (the comments to the Rules are not adopted as rules but are provided for interpretational guidance only):

Section 4.00 – Applicability of the Rules and Effective Date

(a)    These rules apply to all court records, regardless of the physical form of the court record, the method of recording the information in the court record or the method of storage of the information in the court record.

(b)    Court records in cases filed in district courts and courts of limited jurisdiction before July 1, 2008, may not be placed on the Internet by any court office except as provided under section 4.20.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The objective of this section is to make it clear that the rules apply to information in the court record regardless of the form in which the information was created or submitted to the court, the means of gathering, storing or presenting the information, or the form in which it is maintained. Section 3.10 defines what is considered to be part of the court record.

2

However, the materials that are contained in the court record come from a variety of sources. The materials are offered and kept in a variety of forms. Information in electronic form exists in a variety of formats and databases and can be accessed by a variety of software programs. To support the general principle of open access, the application of the policy must be independent of technology, format and software and, instead, focus on the information itself.

The Montana Commission on Technology has added the new section, 4.00(b) to stipulate that the rules are prospective, and do not apply to documents filed before July, 2008.

*Overview of Section 4.00 Provisions*

Three categories of information accessibility are created in the following sections of the rules. The first reflects the general principle that information in court records is generally presumed to be accessible. See section 4.10. Second, there is a section that indicates what information should be accessible remotely. See section 4.20. Following these provisions are sections on bulk release of electronic information and release of compiled information See sections 4.30 and 4.40. A fifth category identifies information prohibited from public access because of overriding privacy or other interests. See section 4.50. Finally, having defined what information is accessible and not accessible, there is a section that indicates how to request the prohibition of access to information generally accessible, and how to gain access to information to which public access is prohibited. See section 4.60.

IT IS FURTHER ORDERED that Section 4.20—Court Records in Electronic Form Presumptively Subject to Remote Access by the Public as adopted this Court on February 13, 2007, along with the Task Force commentary, is repealed. In lieu thereof a new Section 4.20 is adopted as follows (the comments to the Rules are not adopted as rules but are provided for interpretational guidance only):

Section 4.20 – Court Records Subject to Remote Access by the Public

Court records will not be placed on the Internet for cases filed in courts of limited jurisdiction and district courts until rules for electronic filing of court documents are developed through the Commission on Technology and approved by the Supreme Court, except for:

(a)     Litigant/party indexes to cases filed with the court;

(b)     Listings of new case filings, including the names of the parties;

(c)     Register of actions showing what documents have been filed in a case; and

(d)     Calendars or dockets of court proceedings, including the case number and caption, date and time of hearing, and location of hearing.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

Several types of information in court records have traditionally been given wider public distribution than merely making them publicly accessible at the courthouse.  Task force members agreed that the types of information listed in section 4.20 should receive the highest priority for automation and remote access.

The summary or general nature of the information is such that there is little risk of harm to an individual or unwarranted invasion of privacy or proprietary business interests.

While not every court or every automated system is capable of providing this type of access, courts are encouraged to develop the capability to do so.

Making certain types of information remotely accessible allows the court to make cost-effective use of public resources provided for its operation.  If the information is not available, someone requesting the information will have to call the court or come down to the courthouse and request the information.  Public resources will be consumed with court staff locating case files containing the record or information, providing it to the requestor, and returning the case file to the shelf.  If the requestor can obtain the information remotely, without involvement of court staff, there will be less use of court resources.

In implementing this section a court should be mindful about what specific pieces of information are appropriately remotely accessible.  Care should be taken that the release of information is consistent with all provisions of the access rules, especially regarding personal identification information.  For example, the information remotely accessible should not include

4

information presumptively excluded from public access pursuant to section 4.50, prohibited from public access by court order pursuant to 4.60(a).

One role of the judiciary, in resolving disputes, is to state the respective rights, obligations and interests of the parties to the dispute. This declaration of rights, obligations and interests usually is in the form of a judgment or other type of final order. Judgments or final orders have often had greater public accessibility by a statutory requirement that they be recorded in a "judgment roll" or some similar practice. One reason this is done is to simplify public access by placing all such information in one place, rather than making someone step through numerous individual case files to find them.

Recognizing that orders, decrees, final judgments and other court-created documents can contain confidential information that should be protected, such as financial accounts numbers in qualified domestic relations orders, the Task Force decided that these documents should not be placed on the Internet by any court office until electronic filing and guidelines for digital documents have been established and approved by the Supreme Court. It is hoped that within a year or two there will be sufficient understanding and tools available for privacy protection that these documents will be able to be placed online for public access, while still protecting individual privacy.

There are circumstances where information about charges and convictions in criminal cases can change over time, which could mean copies of such listings derived from court records can become inaccurate unless updated. These circumstances suggest that there be a disclaimer associated with such information, and that education about these possibilities be provided to litigants and the public.

IT IS FURTHER ORDERED that the Rules (as amended by our Order on December 12, 2007, and by this Order), are attached hereto as Exhibit A and shall be effective and implemented July 1, 2008.

IT IS FURTHER ORDERED that a copy of this Order with the attached Word and PDF document links be electronically published on the website for the Judicial Branch, http://www.courts.mt.gov, and that notice of this Order be published on the State Bar of Montana website, http://www.montanabar.org, and that a copy of this Order or notice thereof be published in the next available issue of *The Montana Lawyer* along with a statement that persons unable to access this Order electronically may request a paper

5

copy of the same through the State Law Library, P.O. Box 203004, Helena, MT, 59620-3004 (406-444-1977), upon advance payment of reasonable photocopying and postage charges.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order either electronically or by U.S. mail to the following persons or organizations:

the Clerk of each District Court of the state of Montana;

each District Court Judge of the state of Montana;

the Judge of the Workers' Compensation Court;

the Chief Judge of the Water Court;

the Supreme Court Administrator, who shall serve each of the Judges of the Courts of Limited Jurisdiction and each Juvenile Probation Officer;

the Attorney General for the state of Montana, with the request that he serve each law enforcement agency or organization that he deems appropriate;

the Chair of the Commission on Courts of Limited Jurisdiction;

the Presidents of the Montana Judges Association and the Montana Magistrates Association;

the Presidents of the Clerk of Court's Association for the Clerks of the District Courts and the Clerks of the Courts of Limited Jurisdiction;

the Directors of the following departments, with the request that they serve the appropriate persons within their departments: Administration; Auditor; Corrections; Fish, Wildlife and Parks; Justice; Livestock; Public Health and Human Services; Public Instruction; and Transportation;

the State Appellate Defender and Chief Public Defender;

the Chair of the Public Service Commission;

the Legislative Counsel and Code Commissioner;

the President of the University System; the Dean of the University of Montana School of Law; and the Commissioner of Higher Education, with the request that they serve the appropriate persons within their institutions;

the Executive Director of the State Bar of Montana, with the request that he serve appropriate persons and committees within that organization and that a copy of this Order be published in the next available issue of *The Montana Lawyer*;

Task Force member Ian Marquand, with the request that he serve appropriate persons, associations and organizations within the print and broadcast media and the Freedom of Information Hotline. It is the Court's hope that the print and broadcast media will give appropriate coverage to this matter and will publicize the hyperlinks where interested persons may review the rules and commentary; and

Task Force member Beth Brenneman on behalf of the Montana Advocacy Program.

Dated this 24th day of June, 2008.


/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JOHN WARNER

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

/S/ BRIAN MORRIS

# MONTANA SUPREME COURT

## Rules for Privacy and Public Access to Court Records
## in Montana with Commentary

(Including all amendments approved as of July 1, 2008. These rules contain amendments to Section 4.50 pursuant to the Supreme Court's Order dated December 12, 2007, and to Sections 4.00 and 4.20 pursuant to the Supreme Court's Order dated June 24, 2008.)

**TABLE OF CONTENTS**

**PURPOSE** ...........................................................................................................................3

    SECTION 1.00 – PURPOSE OF THE RULES ............................................................3

**WHO HAS ACCESS** ......................................................................................................7

    SECTION 2.00 – WHO HAS ACCESS UNDER THE RULES ...............................7

**ACCESS TO WHAT** ......................................................................................................8

    SECTION 3.00 – DEFINITIONS .................................................................................8

    SECTION 3.10 – DEFINITION OF COURT RECORD ............................................8

    SECTION 3.20 – DEFINITION OF PUBLIC ACCESS ........................................10

    SECTION 3.30 – DEFINITION OF REMOTE ACCESS ......................................11

    SECTION 3.40 – DEFINITION OF "IN ELECTRONIC FORM" .........................12

    SECTION 4.00 – APPLICABILITY OF THE RULES AND EFFECTIVE DATE ...............13

    SECTION 4.10 – GENERAL ACCESS RULE ...................................................14

    SECTION 4.20 – COURT RECORDS SUBJECT TO REMOTE ACCESS
    BY THE PUBLIC ........................................................................................................15

    SECTION 4.30 – REQUESTS FOR BULK DISTRIBUTION OF COURT
    RECORDS .................................................................................................................16

    SECTION 4.40 – ACCESS TO COMPILED INFORMATION FROM COURT
    RECORDS .................................................................................................................18

    SECTION 4.50 – COURT RECORDS EXCLUDED FROM PUBLIC ACCESS ..................20

SECTION 4.60 – REQUESTS TO PROHIBIT PUBLIC ACCESS TO INFORMATION IN COURT RECORDS OR TO OBTAIN ACCESS TO RESTRICTED INFORMATION ........................................................................26

**WHEN ACCESSIBLE** ........................................................................30

SECTION 5.00 – WHEN COURT RECORDS MAY BE ACCESSED ................................30

**FEES** ........................................................................31

SECTION 6.00 – FEES FOR ACCESS ........................................................................31

SECTION 7.00 – OBLIGATION OF VENDORS PROVIDING INFORMATION TECHNOLOGY SUPPORT TO A COURT TO MAINTAIN COURT RECORDS ..............32

**OBLIGATION OF THE COURT TO INFORM AND EDUCATE** ......................................33

SECTION 8.00 – INFORMATION AND EDUCATION REGARDING ACCESS RULES ........................................................................33

SECTION 8.10 – DISSEMINATION OF INFORMATION TO LITIGANTS ABOUT ACCESS TO INFORMATION IN COURT RECORDS ........................................33

SECTION 8.20 – DISSEMINATION OF INFORMATION TO THE PUBLIC ABOUT ACCESSING COURT RECORDS ........................................................................34

SECTION 8.30 – EDUCATION OF JUDGES AND COURT PERSONNEL ABOUT THE ACCESS RULES ........................................................................34

SECTION 8.40 – EDUCATION ABOUT PROCESS TO CHANGE INACCURATE INFORMATION IN A COURT RECORD ........................................................................34

SECTION 8.50 – PROCEDURE TO CORRECT, EXPUNGE, OR UPDATE INACCURATE INFORMATION ........................................................................34

**FORMS** ........................................................................35

SECTION 9.00 – FORMS ........................................................................35

SECTION 9.10 – PETITION FOR COMPILED INFORMATION TO WHICH PUBLIC ACCESS HAS BEEN RESTRICTED ........................................................................35

# Purpose

Section 1.00 - Purpose of these Rules

The purpose of these rules is to provide a comprehensive framework for a policy on public access to court records. These rules provide for access in a manner that:

(a)     Maximizes accessibility to court records;

(b)     Supports the role of the judiciary;

(c)     Promotes governmental accountability;

(d)     Contributes to public safety;

(e)     Minimizes risk of injury to individuals;

(f)     Protects individual privacy rights and interests;

(g)     Protects proprietary business information;

(h)     Minimizes reluctance to use the court to resolve disputes;

(i)     Makes most effective use of court and clerk of court staff;

(j)     Provides excellent customer service; and

(k)     Does not unduly burden the ongoing business of the judiciary.

The rules are intended for 1) litigants, 2) those seeking access to court records, and 3) judges and court and clerk of court personnel responding to requests for access.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The objective of these rules is to provide maximum public accessibility to court records, consistent with constitutional or other provisions of law and taking into account public policy interests that are not always fully compatible with unrestricted access. Eleven significant public policy interests are identified. Unrestricted access to certain information in court records could result in an unwarranted invasion of personal privacy or unduly increase the risk of injury to individuals and businesses. Denial of access would compromise the judiciary's role in society, inhibit accountability, and might endanger public safety.

These rules start from the presumption of open public access to court records. In some circumstances, however, the right to privacy may require that access to some records is

restricted. The rules reflect the view that any restriction to access must be implemented in a manner narrowly tailored to serve the interests in open access. The premise underlying these rules is that court records are open and accessible to the public. Open access serves many public purposes. Open access supports the judiciary in fulfilling its role in our democratic form of government and in our society. Open access also promotes the accountability of the judiciary by readily allowing the public to monitor the performance of the judiciary.

Other specific benefits of open court records are further elaborated in the remaining subsections.

**Subsection (a)(2) Supports the Role of the Judiciary.** The role of the judiciary is to resolve disputes, between private parties or between an individual or entity and the government, according to a set of rules. Although the dispute is between two people or entities, or with the government, having the process and result open to the public serves a societal interest in having a set of stable, predictable rules governing behavior and conduct. The open nature of court proceedings furthers the goal of providing public education about the results in cases and the evidence supporting them. Another aspect of the court's dispute resolution function is establishing rights as between parties in a dispute. The decision of the court stating what the rights and obligations of the parties are is as important to the public as to the litigants. The significance of this role is reflected in statutes and rules creating such things as judgment rolls and party indices with specific public accessibility.

**Subsection (a)(3) Promotes Government Accountability.** Open court records provide for accountability in at least three major areas: 1) the operations of the judiciary, 2) the operations of other governmental agencies, and 3) the enforcement of laws. Open court records allow the public to monitor the performance of the judiciary and, thereby, hold it accountable. Public access to court records allows anyone to review the proceedings and the decisions of the court, individually, across cases, and across courts, to determine whether the court is meeting its role of protecting the rule of law, and does so in a cost effective manner. Such access also promotes greater public trust and confidence in the judiciary. Openness also provides accountability for governmental agencies that are parties in court actions, or whose activities are being challenged in a court action. Finally, open court proceedings and open court records also demonstrate that laws are being enforced. This includes civil regulatory laws as well as criminal laws.

**Subsection (a)(4) Contributes to Public Safety.** Open public access contributes to public safety and compliance with the law. Availability of information about court proceedings and outcomes allows people to become aware of individuals, circumstances or business propositions that may pose a threat to their persons or their property. Open public access to information thus allows people to protect themselves. Examples of this are criminal conviction information, protective order information, and judgments in non-criminal cases. At the same time however, an effort should be made to alert the public of the potentially serious problems that could be brought about by the reliance upon incomplete information from yet unresolved cases, where allegations have not been proven.

Public safety, physical and economic, is also enhanced to the extent open public access to court records contributes to the accountability of corporations, businesses and individuals. Court cases are one source of information about unsafe products, improper business practices or dangerous conditions. Knowing this information is readily available to the public from court records is one

incentive for businesses and individuals to act appropriately. Open access to this information also allows individuals and businesses to better protect themselves from injury.

**Subsection (a)(5) Minimizes Risk of Injury to Individuals.** Other circumstances suggest unrestricted access is not always in the public interest. The interest in personal safety can be served by restricting access to information that someone could use to injure someone else, physically, psychologically or economically. Examples of actual injury to individuals based on information obtained from court records include: intimidation of, or physical violence towards, victims, witnesses, or jurors, repeated domestic violence, sexual assault, stalking, identity theft, and housing or employment discrimination. While this does not require total restriction of access to court records, it supports restriction of access to certain information that would allow someone to identify and find a person to whom they intend harm. This is an especially serious problem in domestic violence cases where the abused person is seeking protection through the court.

**Subsection (a)(6) Protects Individual Privacy Rights and Interests.** The countervailing public interest to open public access is the protection of personal privacy. The interest in privacy is protected by limiting public access to certain kinds of information. The presumption of public access is not absolute. Considerations identified regarding privacy interests include: a specific, legally protected privacy interest, the reasonableness (personally and objectively) of the expectation of privacy, the seriousness of the invasion of privacy, and the legitimate public interest in disclosure. Appropriate respect for individual privacy also enhances public trust and confidence in the judiciary. It is also important to remember that, generally, at least some of the parties in a court case are not in court voluntarily, but rather have been brought into court by plaintiffs or by the government. They have not consented to personal information related to the dispute being in the public domain. For those who have violated the law or an agreement, civilly or criminally, an argument can be made that they have impliedly consented to participation and disclosure by their actions. However, both civil suits and criminal cases are filed based on allegations, so it cannot be presumed that individuals who find themselves in court as a defendant in a case have acted improperly or wrongly as alleged by plaintiffs or by the government.

For those who have not been charged with a violation of the law, civilly or criminally, but are subject to protective actions initiated by the government, such as those subject to involuntary commitments, guardianship or conservatorship proceedings, implied consent to participation and disclosure could not be similarly argued.

Finally, at times a person who is not a party to the action may be mentioned in the court record. Care should be taken that the privacy rights and interests of such a 'third' person, such as a minor involved in child protection proceedings, is not unduly compromised by public access to the court record containing information about the person.

**Subsection (a)(7) Protects Proprietary Business Information.** Another type of information to which access may be restricted is that related to the operations of a business. There may be a compelling reason to protect trade secrets or other proprietary business information in a particular case. Allowing public access to such information could both thwart a legitimate

business advantage and give a competitor an unfair business advantage. It also reduces the willingness of a business to use the courts to resolve disputes.

**Subsection (a)(8) Minimizes Reluctance to Use the Court to Resolve Disputes.** The public availability of information in the court record can also affect the decision as to whether to use the court to resolve disputes. A policy that permits unfettered public access might result in some individuals avoiding the resolution of a dispute through the court because they are unwilling to have information become accessible to the public simply by virtue of it being in the court record. This would diminish access to the courts and undermine public confidence in the judiciary. There may also be an unintended effect of encouraging use of alternative dispute resolution mechanisms, which tend to be essentially private proceedings. If people believe the courts are not available to help resolve their dispute, there is a risk they will resort to self-help. This is a response the existence of the courts is intended to minimize because of the societal interest in the peaceful resolution of disputes.

**Subsection (a)(9) Makes Most Effective Use of Court and Clerk of Court Staff.** This consideration relates to how access is provided rather than whether there is access. Staff time is required to maintain and provide public access to court records. If records are in electronic form, less staff time may be needed to provide public access. However, there can be significant costs to convert records to electronic form in the first place and to maintain them. There may also be added costs for court personnel needed to provide appropriate security for court databases and to prevent hackers from improperly accessing and altering court databases. These additional staff costs may at least partially offset any savings from improvements in workflow or from less use of staff time to respond to records requests. In providing public access the court and clerk should be mindful of doing it in a way that makes most effective use of court and clerk of court staff. Use of staff may also be a relevant consideration in identifying the method for limiting access under section 4.60(a). Note that the rule does not require a court to convert records to electronic form, nor to make electronic records available remotely.

The design of electronic databases used by the court is also relevant here. Court record management systems should be designed to improve public access to court records as well as to improve the productivity of the court's employees and judges and the clerk's office. What is the added cost of providing both? The answer to this involves allocation of scarce resources as well as system design issues. If the public can help themselves to access, especially electronically, less staff time is needed to respond to requests for access. The best options would be to design a system to accommodate access restrictions to certain kinds of information without court staff involvement. See discussion in Commentary to Section 3.20.

**Subsection (a)(10) Provides Excellent Customer Service.** An access rule should also support excellent customer service while conserving court resources, particularly court staff. Having information in electronic form offers more opportunities for easier, less costly access to anyone interested in the information. This consideration relates to how access is provided rather than whether there is access.

**Subsection (a)(11) Does Not Unduly Burden the Ongoing Business of the Judiciary.** Finally, an access rule and its implementation should not unduly burden the court in delivering its fundamental service – resolution of disputes. This consideration relates to how access is provided rather than whether there is access. Depending on the manner of public access, unrestricted public access could impinge on the day-to-day operations of the court. This subsection relates more to requests for bulk access (see section 4.30) or for compiled information (see section 4.40) than to the day-to-day, one at a time requests (see section 1.00, subdivision (a)(9)). Limited public resources and high case volume also suggest that courts should not add to their current information burden by collecting information not needed for immediate judicial decisions, even if the collection of this information facilitates subsequent use of the collected information. Making information available in electronic form, and making it remotely accessible, requires both staff and equipment resources. Courts receive a large volume of documents and other materials daily, and converting them to electronic form may be expensive. As is the case with all public institutions, courts have limited resources to perform their work. The interest stated in this subsection attempts to recognize that access is not free, that there may be more than one approach to providing or restricting access and some approaches are less burdensome than others.

# Who Has Access

## Section 2.00 – Who Has Access Under These Rules

Every member of the public will have the same access to court records as provided in these rules, subject to the provisions of sections 4.30(b) and 4.40(c).

In the official performance of their duties, the following people or entities, because of their employment or relationship to the court, shall not have their access restricted under Sections 4.0 through 4.6:

(a)     Court or clerk of court employees;

(b)     People or entities, private or governmental, who assist the court in providing court services;

(c)     Agencies whose access to court records is defined by another statute, rule, order or policy; and

(d)     The parties to a case or their lawyers regarding access to the court record in their case.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The point of this section is to explicitly state that access is the same for the general public, the media, and the information industry. Access does not depend on who is seeking access, the

reason they want the information or what they are doing with it. This section also indicates what groups of people are not subject to access restrictions under these rules.

# Access to What

Section 3.00 – Definitions

Section 3.10 – Definition of Court Record

For purposes of these rules:

(a) "Court record" includes:

1) Any document, information, or other thing that is collected, received, or maintained in the official case file by a court or clerk of court in connection with a judicial proceeding;

2) Any index, calendar, docket, register of actions, official record of the proceedings, order, decree, judgment, minute, and any information in a case management system created by or prepared by the court or clerk of court that is related to a judicial proceeding; and

3) Information maintained by the court or clerk of court pertaining to the administration of the court or clerk of court office and not associated with any particular case.

(b) "Court record" does not include:

1) Notes, drafts and other judicial work product prepared by a judge or for a judge by court staff or individuals working for the judge related to cases before the court when it is not included in the official case file;

2) Other non-court records maintained by the public official who also serves as clerk of court; and

3) Information gathered, maintained or stored by a governmental agency or other entity to which the court has access but which is not part of the court record as defined in section 3.10(a)(1).

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section defines the court record broadly. Three categories of information are identified. First are the documents, etc., that constitute what is classically called the case file. The second category is information that is created by the court, some of which becomes part of the court file,

but some reside only in documents or databases that are not in a case file. The third category is information that relates to the operation of the court, but not to a specific case or cases. The definition addresses the content of a court record, not whether the information is accessible to the public.

Limitations and exclusions to access are provided for in sections 4.50 and 4.60. The rules are intended to apply to every court record, regardless of the manner in which it was created, the form(s) in which it is stored, or other form(s) in which the information may exist. See section 4.00.

Subsection (a)(1): This definition is meant to be all inclusive of information that is provided to, or made available to, the court that relates to a judicial proceeding. The term "judicial proceeding" is used because there may not be a court case in every situation. The definition is not limited to information "filed" with the court or "made part of the court record" because some types of information the court needs to make a fully informed decision may not be "filed" or technically part of the court record. The language is, therefore, written to include information delivered to or "lodged" with the court, even if it is not "filed." An example is a complaint accompanying a motion to waive the filing fee based on indigency. The definition is also intended to include exhibits offered in hearings or trials, even if not admitted into evidence. The definition includes all information used by a court to make its decision, even if an appellate court subsequently rules that the information should not have been considered or was not relevant to the judicial decision made. In order for a court to be held accountable for its decisions, all of the information that a court considered and which formed the basis of the court's decision must be accessible to the public. The language is intended to include within its scope materials that are submitted to the court, but upon which a court did not act because the matter was withdrawn or the case was resolved or settled by the parties. Once relevant material has been submitted to the court, it does not become inaccessible because the court did not, in the end, act on the information in the materials because the parties resolved the issue without a court decision.

Subsection (a)(2): The definition is written to cover any information that relates to a judicial proceeding generated by the court itself, whether through the court administrator's personnel or the clerk's office personnel. This definition applies to proceedings conducted by temporary judges or referees hearing cases in an official capacity. This includes two categories of information. One category includes documents such as notices, minutes, orders and judgments, which become part of the court record.

The second category includes information that is gathered, generated, or kept for the purpose of managing the court's cases. This information may never be in a document; it may only exist as information in a field of a database such as a case management system, an automated register of actions, or an index of cases or parties.

Subsection (a)(3): The definition of court record includes some information and records maintained by the court and clerk of court that is related to the management and administration of the court or the clerk's office, as opposed to a specific case. Examples of this category of information include: internal court policies, memoranda and correspondence, court budget and fiscal records, and other routinely produced administrative records, memos and reports, and

meeting minutes. The Commentary to subsection 4.60(b) discusses restriction of access to drafts and work products related to court administration or clerk's office administration.

Subsection (b)(1): This subsection makes it clear that the rules apply only to information related to court judicial proceedings. The types of information described are not court records, nor is the court responsible for their collection, maintenance, or accessibility. If the official who also serves as clerk of court has responsibilities for other information and records, for example records maintained as clerk and recorder which do not relate to specific judicial proceedings, these rules do not apply to these records. The laws and access policies of the agency responsible for gathering and maintaining the information govern access to such information.

Subsection (b)(2): The definition excludes information gathered, maintained or stored by other agencies or entities that is not necessary to, or is not part of the basis of, a court's decision or the judicial process. Access to this information should be governed by the laws and access policy of the agency collecting and maintaining such information. The ability of a computer in a court or clerk's office to access the information because the computer uses shared software and databases should not, by itself, make the court records access rules applicable to the information. An example of this is information stored in an integrated criminal justice information system where all data is shared by law enforcement, the prosecutor, the court, defense counsel, and probation and corrections departments. The use of a shared system can blur the distinctions between agency records and court records. Under this section, if the information is provided to the court as part of a case or judicial proceeding, the court's access rules then apply, regardless of where the information came from, or the access rules of that agency. Conversely, if the information is not made part of the court record, the access policy applicable to the agency collecting the data still applies even if the information is stored in a shared database.

## Section 3.20 – Definition of Public Access

Public access" means that the public may inspect and obtain a copy of the information in a court record as provided by Montana law.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section defines "public access" very broadly. The unrestricted language implies that access is not conditioned on the reason access is requested or on prior permission being granted by the court. Access is defined to include the ability to obtain a copy of the information, not just inspect it. The section does not address the form of the copy as there are numerous forms the copy could take, and more will probably become possible as technology continues to evolve.

At a minimum inspection of the court record can be done at the courthouse where the record is maintained. It can also be done in any other manner determined by the court that makes the most effective use of court staff, provides quality customer service and is
least disruptive to the operations of the court – that is, consistent with the principles and interests specified in section 1.00. The inspection can be of the physical record or an electronic version of the court record. Access may be over the counter, by fax, by regular mail, by e-mail, or by

courier. The section does not preclude the court from making inspection possible via electronic means or other sites, or remotely. It also permits a court to satisfy the request to inspect by providing a printed report, computer disk, tape or other storage medium containing the information requested from the court record. The issue of the cost, if any, must be paid before obtaining a copy is addressed in section 6.0.

The section implies an equality of the ability to "inspect and obtain a copy" for the public. Implementing this equality will require the court to address several sources of inequality of access. Some people have physical impairments that prevent them from using the form of access available to most of the public. The Americans with Disabilities Act may require the court or clerk to provide information in a form that is usable to someone with a disability. Another problem has to do with the existence of a 'digital divide' regarding access to information in electronic form. The court should provide equivalent access to those who do not have the necessary electronic equipment to obtain access. Finally, there is the issue of the format of electronic information and whether it is equally accessible to all computer platforms and operating systems. The court should make electronic information equally available, regardless of the computer used to access the information, in other words, in a manner that is hardware and software independent.

Another aspect of access is the need to redact restricted information in documents before allowing access to the balance of the document. See section 4.60 (a) and associated commentary. In some circumstances this may be quite costly. Lack of, or insufficient, resources may present the court with an awkward choice of deciding between funding normal operations and funding activities related to access to court records. As technology improves it is becoming easier to develop software that allows redaction of
pieces of information in documents in electronic form based on "tags" (such as XML tags) accompanying the information. When software to include such tags in documents becomes available and court systems acquire the capability to use the tags, redaction will become more feasible, allowing the balance of a document to be accessible with little effort on the part of the court.

## Section 3.30 – Definition of Remote Access

"Remote access" means the ability to electronically search, inspect, or copy information in a court record without the need to physically visit the court facility where the court record is maintained.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The objective of defining the term "remote access" in section 3.30 is to describe a means of access that is technology neutral. The term is used in section 4.20 regarding information that should be remotely accessible. The key elements are that: 1) the access is electronic, 2) the electronic form of the access allows searching of records, as well as viewing and making an electronic copy of the information, and 3) a person is not required to access systems). This definition provides a term that is independent of any particular technology or means of access,

for example, the Internet or a system such as the federal court's PACER[1] system. Remote access may be accomplished electronically by one or more of a number of existing technologies, including dedicated terminal, kiosk, dial-in service, or Internet site. Attaching electronic copies of information to e-mails, and mailing or faxing copies of documents in response to a letter or phone request for information would not constitute remote access under this definition.

## Section 3.40 – Definition of "In Electronic Form"

Information in a court record that is defined in section 3.10 includes: (a) electronic representations of text or graphic documents; (b) an electronic image, including a video image, of a document, exhibit or other thing; (c) data in the fields or files of an electronic database; or (d) an audio or video recording, analog or digital, of an event or notes in an electronic file from which a transcript of an event can be prepared.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The breadth of the definition of "in electronic form" makes clear that the rule applies to information that is available in any type of electronic form. The point of this section is to define what "in electronic form" means, not to define whether electronic information can be accessed or how it is accessed.

Subsection (a): This subsection refers to electronic versions of textual documents (for example documents produced on a word processor, or stored in some other text format such as PDF format), and pictures, charts, or other graphical representations of information (for example, graphics files, spreadsheet files, etc).

Subsection (b): A document might be electronically available as an image of a paper document produced by scanning, or another imaging technique, but not filming or microfilming. This document can be viewed on a screen and it appears as a readable document, but it is not searchable without the aid of optical character recognition (OCR), applications that translate the image into a searchable text format. An electronic image may also be one produced of a document or other object through the use of a digital camera, for example in a courtroom as part of an evidence presentation system.

Subsection (c): Montana courts are increasingly using case management systems, data warehouses or similar tools to maintain data about cases and court activities. The rule applies equally to this information even though it is not produced or available in paper format unless a report containing the information is generated. This section, as well as subsection (a), would

---

[1] PACER (Public Access to Court Electronic Records) is the automated case management information system used by the federal courts to provide information about court cases that can be accessed remotely by a subscriber.

also cover files created for, and transmitted through, an electronic filing system for court documents.

Subsection (d): Evidence can be in the form of audio or videotapes of testimony or events. In addition, audio and video recording, electronic recording and computer-aided transcription systems (CAT) using court reporters are increasingly being used to capture the verbatim record of court hearings and trials.

## Section 4.00 – Applicability of the Rules and Effective Date

(a)     These rules apply to all court records, regardless of the physical form of the court record, the method of recording the information in the court record or the method of storage of the information in the court record.

(b)     Court records in cases filed in district courts and courts of limited jurisdiction before July 1, 2008, may not be placed on the Internet by any court office except as provided under section 4.20.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The objective of this section is to make it clear that the rules apply to information in the court record regardless of the form in which the information was created or submitted to the court, the means of gathering, storing or presenting the information, or the form in which it is maintained. Section 3.10 defines what is considered to be part of the court record. However, the materials that are contained in the court record come from a variety of sources. The materials are offered and kept in a variety of forms. Information in electronic form exists in a variety of formats and databases and can be accessed by a variety of software programs. To support the general principle of open access, the application of the policy must be independent of technology, format and software and, instead, focus on the information itself.

The Montana Commission on Technology has added the new section, 4.00(b) to stipulate that the rules are prospective, and do not apply to documents filed before July, 2008.

*Overview of Section 4.00 Provisions*

Three categories of information accessibility are created in the following sections of the rules. The first reflects the general principle that information in court records is generally presumed to be accessible. See section 4.10. Second, there is a section that indicates what information should be accessible remotely. See section 4.20. Following these provisions are sections on bulk release of electronic information and release of compiled information See sections 4.30 and 4.40. A fifth category identifies information prohibited from public access because of overriding privacy or other interests. See section 4.50. Finally, having defined what information is accessible and not accessible, there is a section that indicates how to request the prohibition of access to information generally accessible, and how to gain access to information to which public access is prohibited. See section 4.60.

## Section 4.10 – General Access Rule

(a)     Information in the court record is accessible to the public except as prohibited by section 4.50 or section 4.60(a).

(b)     There shall be a publicly accessible indication of the existence of information in a court record to which access has been prohibited, which indication shall not disclose the content of the information protected.

(c)     A local court may not adopt a more restrictive access policy or otherwise restrict access beyond that provided for in these rules, nor provide greater access than that provided for in these rules.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

Subsection (a) states the general premise that information in the court record will be publicly accessible unless access is specifically prohibited. There are two exceptions noted. One exception is information in the court record that is specifically excluded from public access by section 4.50. The second exception provides for those individual situations where the court orders a part of the record to be restricted from access pursuant to the procedure set forth in section 4.60(a).

The provision does not require any particular level of access, nor does it require a court to provide access in any particular form, for example, publishing court records in electronic form on a web site or dial-in database. See section 4.20 on information that a court should make available remotely.

The provision, by omission, reiterates the concept noted in the commentary to section 2.00 that access is not conditioned on proper use, nor is the burden on requestors to show they are entitled to access. Subsection (b) provides a way for the public to know that information exists even though public access to the information itself is prohibited. This allows a member of the public to request access to the restricted record under section 4.60(b), which they would not know to do if the existence of the restricted information was not known. Making the existence of restricted information known enhances the accountability of the court. Hiding the existence of information not only reduces accountability, it also erodes public trust and confidence in the judiciary when the existence of the information becomes known.

In addition to disclosing the existence of information that is not available, there is also a value in indicating how much information is being withheld. For many redactions this could be as simple as using "placeholders," such as gray boxes, when characters or numbers are redacted, or indicating how many pages have been excluded if part or all of a document is not accessible. Providing this level of detail about the information contributes to the transparency and credibility of the restriction process and rules.

There are two situations where this policy presents a dilemma. One is where access is restricted to an entire document and the other concerns a case where the entire file is ordered sealed. This section requires the existence of the sealed document or file to be public. The problem arises when the disclosing of the existence of a document or case involving a particular person, as opposed to some of the information in the court record, reveals the very information the restriction order seeks to protect. One example would be the title of a document in a register of actions which describes the type or nature of the information to which access restrictions is being sought. These problems can be avoided, to some extent, by using a more generic description in the caption of a document, using a pseudonym, or some other unique identifier instead of the party's full or real name. This section requires disclosure of the existence of sealed information in the interest of a more open judicial record.

Section 4.10(c) is provided for in the rules to promote consistency and predictability across courts; it also furthers equal access to courts and court records.

## Section 4.20 – Court Records Subject to Remote Access by the Public

Court records will not be placed on the Internet for cases filed in courts of limited jurisdiction and district courts until rules for electronic filing of court documents are developed through the Commission on Technology and approved by the Supreme Court, except for:

(a)     Litigant/party indexes to cases filed with the court;

(b)     Listings of new case filings, including the names of the parties;

(c)     Register of actions showing what documents have been filed in a case; and

(d)     Calendars or dockets of court proceedings, including the case number and caption, date and time of hearing, and location of hearing.


**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

Several types of information in court records have traditionally been given wider public distribution than merely making them publicly accessible at the courthouse. Task force members agreed that the types of information listed in section 4.20 should receive the highest priority for automation and remote access.

The summary or general nature of the information is such that there is little risk of harm to an individual or unwarranted invasion of privacy or proprietary business interests.

While not every court or every automated system is capable of providing this type of access, courts are encouraged to develop the capability to do so.

Making certain types of information remotely accessible allows the court to make cost-effective use of public resources provided for its operation. If the information is not available, someone requesting the information will have to call the court or come down to the courthouse and request the information. Public resources will be consumed with court staff locating case files containing the record or information, providing it to the requestor, and returning the case file to the shelf. If the requestor can obtain the information remotely, without involvement of court staff, there will be less use of court resources.

In implementing this section a court should be mindful about what specific pieces of information are appropriately remotely accessible. Care should be taken that the release of information is consistent with all provisions of the access rules, especially regarding personal identification information. For example, the information remotely accessible should not include information presumptively excluded from public access pursuant to section 4.50, prohibited from public access by court order pursuant to 4.60(a).

One role of the judiciary, in resolving disputes, is to state the respective rights, obligations and interests of the parties to the dispute. This declaration of rights, obligations and interests usually is in the form of a judgment or other type of final order. Judgments or final orders have often had greater public accessibility by a statutory requirement that they be recorded in a "judgment roll" or some similar practice. One reason this is done is to simplify public access by placing all such information in one place, rather than making someone step through numerous individual case files to find them.

Recognizing that orders, decrees, final judgments and other court-created documents can contain confidential information that should be protected, such as financial accounts numbers in qualified domestic relations orders, the Task Force decided that these documents should not be placed on the Internet by any court office until electronic filing and guidelines for digital documents have been established and approved by the Supreme Court. It is hoped that within a year or two there will be sufficient understanding and tools available for privacy protection that these documents will be able to be placed online for public access, while still protecting individual privacy.

There are circumstances where information about charges and convictions in criminal cases can change over time, which could mean copies of such listings derived from court records can become inaccurate unless updated. These circumstances suggest that there be a disclaimer associated with such information, and that education about these possibilities be provided to litigants and the public.

## Section 4.30 – Requests for Bulk Distribution of Court Records

Bulk distribution is defined as the distribution of all, or a significant subset, of the information in court records, as is and without modification or compilation.

(a)     Bulk distribution of information in the court record is permitted for court records that are publicly accessible under section 4.10 and not prohibited by state law.

(b)     A request for bulk distribution of information not publicly accessible can be made to the court where the identification of specific individuals is ancillary to the purpose of the inquiry.  Prior to the release of information pursuant to this subsection the requestor must comply with the provisions of section 4.40(c).

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section addresses requests for large volumes of information in court records, as opposed to requesting information from a particular case or reformulated information from several cases. See section 4.40.  The section authorizes bulk distribution for information that is publicly accessible.  It also sets out a method of requesting bulk distribution of information to which public access is restricted.

There are advantages to allowing bulk access to court records.  Allowing the public to obtain information from court records from a third party may reduce the number of requests to the court for the records.  Fewer requests mean less court staff resources devoted to answering inquiries and requests.  However, there are costs associated with making the records available. There may also be technology as well as cost issues in providing bulk distribution of information.  For example, a court's system may not be able to identify and separate publicly accessible information from restricted information in creating a copy of information for bulk distribution. Permitting bulk distribution of information in this circumstance assumes providing the data will not interfere with the normal operations of the court.  There is also the 'cost' of reduced public confidence in the judiciary from the existence of inaccurate, stale or incorrectly linked information available through third parties but derived from court records.  In allowing bulk data to be disseminated a court should be mindful not to gather information that it does not need to fulfill its judicial role, even if those requesting bulk information are interested in obtaining this information.

Subsection (a):  Bulk transfer is allowed for information that is publicly accessible under these rules; however, Task Force members noted that § 2-6-109, MCA, prohibits public agencies from distributing or selling for use as a mailing list any list of persons without first securing the permission of those on the list; and that a list of persons prepared by the agency may not be used as a mailing list except by the agency or another agency without first securing the permission of those on the list.  There is no constitutional or other basis for providing greater access to bulk requestors than to the public generally, and this section implies there should be no less access. Consistent with section 3.20, public access, including bulk access, is not dependent upon the reason the access is sought or the proposed use of the data.  Court information provided through bulk distribution can be combined with information from other sources.  Information from court records may be linked with other information and may be used for purposes that are unrelated to why the information was provided to the court in the first place.

It is significant to note that transferring information in the court record into databases that are then beyond the court's control creates the very real likelihood that the information will, over time, become incomplete, inaccurate and stale, or contain information that has been removed from the court's records.  Keeping information distributed in bulk current may require the court to provide "refreshed" information on a frequent, regular and periodic basis.  This may raise

issues of availability of court resources to do this. Although creating liability or penalties on the third party information provider might reduce the risk of stale or incorrect information being distributed, meeting this standard still requires the court to provide updated and new information on a frequent basis.

A particular problem with bulk distribution of criminal conviction information has to do with expungement policies. If the intent of an expungement policy is to "erase" a conviction, the public policy may be impossible to implement if the information is already in another database as a result of a bulk transfer of the information. An approach needs to be devised that accommodates expungement and bulk distribution. Potential mass access to electronic court information further highlights the question of the accuracy of the court's records. This is particularly important for databases created by court or clerk of court employees. The potential for bulk distribution of the information in a court database will require courts and clerks to be even more vigilant about both the accuracy of their databases and the timeliness of entering information into them.

## Section 4.40 – Access to Compiled Information from Court Records

(a)   Compiled information is that information that is derived from the selection, aggregation or reformulation by the court of some of the information from more than one individual court record.

(b)   Any member of the public may request information compiled by the court. This compiled information must consist solely of information that is publicly accessible, information that is not already available pursuant to section 4.20 or in an existing report, and information that can be compiled through reasonable efforts based on currently available resources and technology. The court may delegate to its staff or the clerk of court the authority to make the initial determination as to whether to provide compiled information or to provide bulk distribution of the requested information pursuant to section 4.30, and to let the requestor, rather than the court, compile the information.

(c)   Compiled information that includes information to which public access has been restricted may be requested by any member of the public pursuant to section 4.60. The request shall be made on the form Petition for Compiled Information to Which Public Access has been Restricted at section 9.00 of these rules, and shall include a verified declaration that:

   1)   Identifies what information is sought;

   2)   Explains provisions for securing the protection of any information requested to which public access is restricted or prohibited; and

   3)   States that while the information contained in the compiled data may be synthesized, summarized or reformatted for scholarly or journalistic purposes, the data itself will not be sold, published or otherwise disseminated.

(d)     If the request is granted, the court may make such additional orders as may be needed to protect information to which access has been restricted or prohibited.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section authorizes access to compiled information. The section describes how the compiled information is requested, the requirements for obtaining compiled information, and possible limitations on using the information.

The primary interests served by release of compiled information are supporting the role of the judiciary, promoting the accountability of the judiciary, and providing public education regarding the judiciary. Compiled data allows analysis and comparison of court decisions across cases, across judges and across courts. This information can also educate the public about the judicial process. It can provide guidance to individuals in the conduct of their everyday life and business. Although some judges may have legitimate concerns about misuse of compiled data, for example in comparing the decisions of judges, such an analysis is one approach to monitoring the performance of the judiciary.

Compiled data also allows the study of the effectiveness of the judiciary and the laws enforced in courts. For example, the studies of delay reduction leading to improved case management and faster case processing times were based on analysis of compiled data from thousands of cases in over a hundred courts across the country. In allowing compiled data to be disseminated, a court should be mindful not to gather information that it does not need to fulfill its judicial role, even if those requesting compiled information are interested in obtaining this information.

Subsection (a) provides a definition of compiled information. Compiled information is different from case-by-case access because it involves information from more than one case. Compiled information is different from bulk access in that it involves only some of the information from some cases and the information has been reformulated or aggregated; it is not just a copy of all the information in the court's records. Essentially compiled information involves the creation of a new court record. In order to provide compiled information a court generally must write a computer program to select the specific cases or information sought in the request, or otherwise use court resources to identify, gather, and copy the information.

Generating compiled data may require court resources, and generating the compiled information may compete with the normal operations of the court for resources, which may be a reason for the court not to compile the information. It may be less costly for the court and less of an impact on the court to, instead, provide bulk distribution of the requested information pursuant to section 4.30, and let the requestor, rather than the court, compile the information.

Subsection (b) addresses requests for information that is publicly available. Since public resources are used in responding to the request, the question for the court is whether responding meets criteria established by the court for providing such information, and whether the court will choose to expend available resources on the request.

The reference in section 4.40(b) to section 4.20 and existing reports is intended to limit the section's application to requests for compiled data that are not already routinely prepared and made public. Party name indices, or a screen that reports the results of a name search of either civil or criminal cases, are examples of compiled information that already exist.

Section 4.40(c) addresses requests for information that is not publicly accessible. Since the information is not publicly accessible, the section provides for protections of the restricted information. The exception for "journalistic purposes" in subsection 4.40(c) is included as a recognition that what journalism sells is information, and prohibiting a journalist from selling the information may defeat the purpose of providing the information to the journalist in the first place.

Subsection 4.40(d) further identifies possible provisions for preventing improper disclosure of restricted or prohibited information. A state or individual court's policy might also consider a requirement of a nondisclosure agreement that includes injunctive relief and indemnities for improper disclosure. In order to get a court order releasing the information the appropriate nondisclosure agreement must be signed by the requestor.

The enforcement of restrictions on the use or dissemination of information provided presents additional issues that the courts must address. One option is for courts to refuse to continue supplying compiled data to a certain organization, or on a certain subject, if abuses occur. Another option is to create, or strengthen, penalties for the release of information to which access is restricted under these rules.

The distribution of both publicly accessible and protected data also presents ancillary issues. Analysis of the data without a full understanding of the meaning of the data elements or codes used, or without a full understanding of the limitations of the data, can result in conclusions not substantiated by the data. To some extent this can be addressed by explanatory information provided with the transmittal of the compiled information.

Another concern arises with release of compiled data in electronic form. This is the result of the nature of electronic records, which are an atypical subset of data from all court records. As electronic versions of information become more available, skewing arises between what is available in electronic form, versus paper form. Compiled data from the electronic record may, therefore, not be representative of all cases. The fact that very little information prior to a certain date is available in electronic form could also cause significant skewing. If historical records are not scanned or otherwise converted into electronic form, the electronic records will only be recent cases or newer information in older cases. There are no obvious ways to avoid this problem, assuming the cost of producing electronic versions of all existing records is prohibitive. Finally, an extracted set of information is a snapshot of the information, whereas the database from which the information is extracted is dynamic, constantly changing and growing.

## Section 4.50 – Court Records Excluded from Public Access

The following information in a court record is not accessible to the public:

(a)     Information that is not to be accessible to the public pursuant to state law.

(b)     Information that is not to be accessible to the public pursuant to federal law.

(c)     Unless required to be made public, the following information is not available without leave of the court:

    1)     Complete social security numbers;

    2)     Complete financial account numbers;

    3)     Full names of minor children, unless state law requires a child's name to be accessible to the public; and

    4)     Full birth dates of any person.

(d)     It is the responsibility of the filing party to comply with these rules to protect private information.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

The objective of this section is to identify those categories of information to which public access will be prohibited. The concept of the section is that for certain types of information an existing statute, rule or case law expresses a policy determination, made by the Legislature or the judiciary, that the presumption of public access has been overcome by an individual's right to privacy, and that the prohibition of public access applies on a categorical, as opposed to a case-by-case, basis.

The section suggests two possible sources of restrictions on access to information. The first is state law. The following commentary provides several lists of categories that are currently found in state statute, rule or case law. The second source is federal law, although there are few, if any, such limitations. The inclusion of the various federal laws in the Commentary that do restrict the distribution of some information, but have not been found to apply to the distribution of court records, is intended to provide court administrators with a convenient resource to ensure that administrators have an accurate understanding of those federal laws so misapprehension of these provisions will not be an obstacle to the efficient and appropriate release of court records.

Subsection (a) - State law:  Information that is not accessible to the public pursuant to state law generally falls into two categories. First are case types where the records of the entire court proceedings are presumptively sealed. These are:

1.     Child abuse and neglect proceedings and proceedings brought to terminate parental rights based upon abuse or neglect of the child.  All court records pertaining to actions taken under Title 41, Chapter 3 are not open for public inspection unless the court "finds disclosure to be necessary for the fair resolution of the issue before it." Section 41-3-205 (2), MCA.

2.    Involuntary commitment proceedings pursuant to Title 53, part 21, mental illness.  Court records in these matters must be sealed five days prior to release of respondent and only opened for "good cause shown."  Section 53-21-103, MCA.

3.    Minor's Names.    State law requires the disclosure of a minor's identity in some circumstances.  Disclosure may be required pursuant to a specific statutory mandate or pursuant to a statutory provision applicable to both adults and minors where disclosure is required and no exception for the disclosure of a minor's identity has been established.  Examples of such provisions are the traffic regulation laws.  *See generally* Title 61, chapter 8, MCA.  In those situations where state law does not require the disclosure of minor's names, the Task Force supports the use of fictitious names to refer to minors whose names would otherwise be included in court records accessible to the public, such as victims or witnesses.  We agree that the use of initials to accomplish this purpose, given Montana's modest population, does not accord the privacy warranted in these situations.

4.    Formal youth court records.  These records are physically sealed on the youth's 18th birthday, or, in cases where "jurisdiction of the court or any agency is extended beyond the youth's 18th birthday, the records" are sealed when the extended jurisdiction has ended.  Section 41-5-216 (1), MCA.  Prior to this time, these records are open to public inspection, except for the "social, medical and psychological records, youth assessment materials, predispositional studies and supervision records of probationer" which may be accessed only by those designated in § 41-5-215  (2), MCA.  However, medical records, fingerprints, DNA records, photographs, youth traffic records, or "records in any case in which the youth did not fulfill all requirements of the court's judgment or disposition" as well as records identified in § 42-3-203, MCA, and § 45-5-624 (7), MCA, are exempt from these sealing provisions.  Section 41-5-216 (4), MCA.

5.    Informal youth court records.  Informal youth court records must also be physically sealed on the youth's 18th birthday, or, if jurisdiction has been extended, they must be sealed when the jurisdiction has ended.  § 41-5-216 (7), MCA.  However, these youth records may only be inspected by youth court personnel prior to the youth's 18th birthday, and only when there is a new offense.

6.    Conciliation court proceedings.  All district court hearings or conferences under this chapter shall be closed unless opened to inspection by parties or counsel upon judicial order.  Section 40-3-116, MCA.

7.    Parentage proceedings.  All hearings or trials held under Title 40, part 6 must be held in closed court without admittance of any person other than those necessary to the action.  All records other than the final judgment are only subject to inspection by consent of court and all interested persons or in exceptional cases, only upon an order "for good cause shown."  Section 40-6-120, MCA.

8.    Adoption proceedings.  All papers and records concerning adoption "must be kept as a permanent record of the court and must be withheld from inspection," and may only be distributed pursuant to a court order when good cause is shown, pursuant to the state statutory provisions regarding the collection of vital statistics or for purposes of child support enforcement

and other narrow circumstances provided within Title 42, Chapter 6, part 1.  Section 42-6-101, MCA.

9.      Proceedings regarding the abuse or neglect of elderly persons and persons with developmental disabilities.  All actions presumed confidential and not released to public unless by court order or action of law.  Section 52-3-813, MCA.

10.     Proceedings under parental notice of Abortion Act.  This statute has been enjoined from enforcement by the First Judicial District Court of Montana.  A minor petitioning to judicially bypass parental notification must be provided the option of using a pseudonym or initials and all documents related to the petition are confidential and are not available to the public.  Section 50-20-212(3), MCA.

11.     Guardianship and conservatorship proceedings.  Such proceedings must be closed if requested by the person alleged to be incapacitated or his or her counsel.  Section 72-5-315 (4), MCA.

12.     Grand jury proceedings.  Courts "shall order a hearing on matters affecting a grand jury proceeding to be closed."  Section 46-11-307, MCA.  Disclosure of these proceedings is limited and generally may not be made to the public unless authorized by the district court.  Section 46-11-317, MCA.

13.     Investigative subpoena proceedings.  These proceedings are subject to the same secrecy and disclosure provisions as grand jury proceedings.  Section 46-4-304 (2), MCA.

14.     Dissolution of Marriage, Criminal Conversation or Seduction.  Courts are authorized to exclude everyone from the courtroom except the officers of the court, the parties, their witnesses, and counsel for the trial of any issue of fact in these proceedings.  Section 3-1-313(2), MCA.

15.     Supervision proceedings by insurance commissioner.  All records of the proceedings of actions taken under §§ 33-2-1321 and -33-2-1322, MCA, are to be confidential, unless the district court orders otherwise.  Section 33-2-1323, MCA.

The Second category is information contained in court records that are not sealed, which state law recognizes as sufficiently private to prohibit public access:

1.      The address, telephone number, or place of employment of a victim of a criminal offense or a member of the victim's family if the victim requests confidentiality, unless this information "is of the location of the crime scene" or disclosure of this information "is required by law, is necessary for law enforcement purposes, or is authorized by a district court upon a showing of good cause."  Section 44-5-311 (1), MCA.

2.      All information identifying the victim of certain sexual crimes, unless that information "is of the location of the crime scene" or the disclosure of this information "is required by law, is necessary for law enforcement purposes, or is authorized by a district court upon a showing of good cause."  Section 44-5-311 (3), MCA.  These crimes are sexual assault, § 45-5-502, MCA,

sexual intercourse without consent, § 45-5-503, MCA, indecent exposure, § 45-5-504, MCA, and incest, § 45-5-507, MCA.

3. A defendant's DNA information disclosed during a criminal proceeding. Section 44-6-106, 108, MCA.

4. Videotapes that are part of the record in cases involving sexual offenses. Videotapes "which are part of the court record are subject to a protective order of the court for the purpose of protecting the privacy of the victim." Section 46-15-403, MCA.

5. Pre-sentence investigation reports, pursuant to Section 46-18-113, MCA.

6. Notice by prosecutor of other crimes, wrongs or acts. Notice must be filed and sealed until the time of trial or until a plea of guilty or nolo contendere is entered by the defendant. Section 46-13-109 (3), MCA.

7. Confidential criminal justice information. Dissemination of confidential criminal justice information is restricted to criminal justice agencies, to those authorized by law to receive it, and to those authorized by court order upon a written finding that the demands of individual privacy do not clearly exceed the merits of public disclosure. Section 44-5-303, MCA.

8. Will filed with court. A will filed with the court must be sealed and kept confidential during the testator's lifetime. Section 72-2-535, MCA.

9. Writs of attachment. The fact of the filing of the complaint or the issuing of such attachment cannot be disclosed to the public until after the filing of return of service of attachment. Section 27-18-111, MCA.

10. Medical information provided for marriage license. All medical certificates, laboratory statements and reports and information provided pursuant to § 40-1-203, MCA, through § 40-1-209, MCA, are confidential and may not be disclosed to anyone other than state or local health officials. Section 40-1-208, MCA.

11. Confidential information in certificate of marriage or dissolution of marriage. Disclosure of confidential information in certificate of marriage or dissolution of marriage for statistical purposes is prohibited unless disclosure is specifically authorized by law for statistical or research purposes or unless ordered by a court. Section 50-15-121(6), MCA.

12. Confidential information in birth records. Disclosure of "confidential information" in birth records for medical or health use is prohibited unless disclosure is specifically authorized by law for statistical or research purposes or unless ordered by a court. Section 50-15-121(6), MCA.

Subsection (b) - Federal Law: There are several types of information that are commonly, if incorrectly, considered to be protected from public disclosure by federal law.

1.     Although the laws or regulations may prohibit a federal agency, federal employees, or certain other specifically designated parties from disclosing certain information, the prohibitions generally do not extend to disclosure by state courts where the information has become a part of the court record.

2.     Parties should take note that these federal laws or regulations may apply to them when they introduce restricted information onto the court records, which may require the individuals to request the court to restrict access under sections 4.50 or 4.60(a).  Each category is discussed below.

3.     Social Security numbers.  Although there may be restrictions on federal agencies disclosing Social Security Numbers (SSNs**),** they do not apply to state or local agencies such as courts.  One provision of the Social Security Act does bar disclosure by state and local governments of SSNs collected pursuant to any law enacted on or after October 1, 1990.  42 U.S.C. § 405(c)(2)(C)(vii)(I).  Assuming the section is applicable to state courts (there is some question about this), it would only apply to laws authorizing courts to collect SSNs that were adopted after this date.  One possible example of this may be the law passed in the mid 1990s to facilitate child support collection that requires inclusion of SSNs in orders granting dissolution of marriage, establishing child support or determining paternity.  42 U.S.C. § 405(c)(2)(C)(ii).  There does not appear to be any consensus as to whether the non-disclosure provision applies to, or is superseded by, the newer collection requirement.

4.     Federal income or business tax returns.  Federal law prohibits disclosure of tax returns by federal agencies or employees, but the prohibition does not extend to disclosure by others.

5.     Educational information protected by federal law.  FERPA protects information about students receiving federal aid from disclosure by a university or public school system, but it does not address disclosure of such information in a court record.  20 U.S.C. § 1232g.

6.     Health and medical information.  The Health Insurance Portability and Accountability Act of 1996 (HIPAA) and regulations adopted pursuant to it limit disclosure of certain health related information about people by certain healthcare entities.  42 U.S.C. § 1320d; 45 C.F.R. part 160 and 164.  Whether the limitation extends to state court records is not clear, however, state courts are not included within the definition of health care entities that are covered by HIPAA.  There are also federal restrictions regarding information in alcohol and drug abuse patient records and requiring confidentiality of information acquired by drug court programs.  42 U.S.C. § 290dd-2.

7.     Criminal history information.  There are federal regulations generally restricting the use of criminal history information contained in criminal records repositories maintained by executive branch agencies, particularly non-conviction information, to criminal justice purposes. The provisions do not extend to information once it becomes part of a court record in a case; nor do they extend to court records containing criminal conviction information.

8.     Americans with Disabilities Act.  Federal regulations implementing the Americans with Disabilities Act provides that employers must segregate and keep confidential all information regarding medical examinations of employees required by the employer that are job-related and

consistent with business necessity. 42 U.S.C. § 12112, 29 C.F.R. § 1630.14(c)(1). Thus, to the extent that personnel records of court employees are identified as court records under these rules, federal law would prohibit the distribution of those records to the public.

9.      Research involving human subjects. There are federal regulations establishing practices and, in certain circumstances, prohibiting disclosure of certain personal identifier information gathered in the course of federally funded research on human subjects. 28 C.F.R. part 46 and 45 C.F.R. section 46. This does not apply to information gathered by a state court in the normal course of judicial business, but it might apply to individuals requesting information from court records for research purposes under section 4.30 (bulk access) or section 4.40 (compiled access). 28 C.F.R. § 46.101(b)(4).

Subsection (c). Finally, the Task Force determined that there are few if any circumstances where merits of public disclosure of social security numbers, financial account numbers, minor children and birth dates would outweigh the privacy interests implicated. Thus, in light of the absence of specific state or federal protection of such information when contained in court records that are otherwise accessible to the public, the Task Force feels it is necessary to include this protection in these court rules.

There are a variety of ways to comply with this rule. The Task Force believes that the following are the most effective ways to accomplish this purpose:

1.      Social Security numbers. The Task Force recommends the disclosure of no more than the last four digits of the social security number. However, as the Task Force does not have the specific expertise to determine the implications of the publication of just partial social security numbers upon the individual's privacy interests, this recommendation is provisional. The Task Force would recommend to the Court that during the public comment period, a special invitation be made to members of the public who have this specific expertise so the implications of even partial disclosure of social security numbers can be thoroughly explored.

2.      Financial account numbers. The Task Force supports the disclosure of only the last four digits of any such account. As with the prior recommendation, however, this recommendation is provisional. The Task Force does not have the specific expertise to determine the implications of the publication of partial financial account numbers upon the individual's the privacy interests.

3.      Minor's names. In those situations where state law does not otherwise require the disclosure of minor's names, the Task Force supports the use of fictitious names to refer to children victims or witnesses in court records accessible to the public. We agree that the use of initials to accomplish this purpose does not, given Montana's modest population, accord the privacy warranted in these situations.

4.      Full birth dates of any person. The Task Force supports the disclosure of only the birth year, and not the month or date of birth.

## Section 4.60 - Requests to Prohibit Public Access to Information in Court Records or to Obtain Access to Restricted Information

(a)    A motion or request to prohibit public access to information in a court record may be made by any party to a case, the individual about whom information is present in the court record, the clerk of court, or on the court's own motion. The court must decide whether there are sufficient grounds to prohibit access by determining whether the demand of individual privacy clearly exceeds the merits of public disclosure.

The court should require that a party file a motion to protect the information, with the information to be protected in a sealed envelope lodged, but not filed, with the court. If the court grants the motion or request, the information will be filed under seal. If the court denies the request, the party will have the option to file the information with knowledge that it will be accessible to the public.

(b)    In restricting access the court will use the least restrictive means that will achieve the purposes of the access rules and the needs of the requestor.

A request to obtain access to information in a court record to which access is prohibited under section 4.50 or 4.60(a) of these rules may be made by any member of the public or on the court's own motion upon notice as provided in subsection 4.60(c). The court must decide whether there are sufficient grounds to prohibit access by determining whether the demand of individual privacy clearly exceeds the merits of public disclosure. When the request is made for bulk or compiled information to which public access has been prohibited under Section 4.50 and 4.60(a) of these rules, the court should consider the actions provided in section 4.40(c) when making such a determination.

(c)    The following is the process for making requests described in 4.50(a) and 4.50(b) where that process is not provided in state or case law. The request shall be made by a written motion to the court. The requestor will give notice to all parties in the case except as prohibited by law. The court may require notice to be given by the requestor or another party to any individuals or entities identified in the information that is the subject of the request. When the request is for access to information to which access was previously prohibited under section 4.60(a), the court will provide notice to the individual or entity that requested that access be prohibited either itself or by directing a party to give the notice.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section lays out the basic considerations and processes for prohibiting access to otherwise publicly available information (often referred to as sealing), or opening access to restricted information (whether restricted under section 4.50 or section 4.60(a)). The language incorporates the presumption of openness, and the need for sufficient grounds to overcome the presumption. The section also specifies the mechanism for making the request and directs the court to use the least restrictive approach possible when restricting public access. The section reflects that the consideration must be made by the court on a case-by-case basis.

Subsection (a) allows anyone who is identified in the court record to request prohibition of public access. This specification is quite broad, including a witness in a case or someone about whom personally identifiable information is present in the court record, but who is not a party to the action. While the reach of the rule is quite broad, this is required to meet the intent of subsection 1.00(a)(6) regarding protection of individual privacy rights and interests, not just the privacy rights and interests of parties to a case. Protection is available for someone who is referred to in the case, but does not have the options or protections a party to the case would have.

Subsection (a) provides only for prohibiting access to information, not prohibiting access to the existence of the information. Section 4.10(b) specifically provides that the existence of information to which access is prohibited will be publicly accessible. Subsection (a) does not have any restrictions regarding when the request can be made, implying it can be done at any time.

This subsection provides that it is the court that will decide whether access will be prohibited. Even if all parties agree that public access to information should be prohibited, this is not binding on the court, which must still make the decision based on the applicable law.

Subsection (a) also addresses what access is permitted between the time a request to prohibit access is made and the court rules on the request. This is particularly critical if the request is made simultaneously with the filing of the information. It is also more critical when the parties represent themselves and are unaware of appropriate procedures. A court should require that a party file a motion to prohibit access with the information to be protected in a sealed envelope being lodged, but not filed, with the court. If the court grants the request, the information can be filed with prohibition to prohibition of access, or not filing it. In order to avoid the misuse of such a provision to achieve at least temporary restriction, a court should establish procedures that provide for prompt consideration of a request to prohibit access.

The last paragraph to subsection (a) requires the court to seek an approach that minimizes the amount of information that cannot be accessed, as opposed to an "all or nothing" approach. This is directed at the question of what to do about a document or other material in the court record that contains some information to which access should be prohibited along with other information that remains publicly accessible. The issue becomes one of whether it is technically possible to redact some information from a document and to allow the balance of the document to be publicly available. Less restrictive methods include redaction of pieces of information in the record, sealing of only certain pages of a document, as opposed to the entire document, or sealing of a document, but not the entire file. As noted previously (see commentary under section 3.20) newer technologies permit tagging of information in an electronic record in a way that readily allows electronic redaction of pieces of information in an electronic document, and courts are encouraged to obtain this capability when acquiring new systems. As discussed in the commentary to section 4.10, other approaches to restricting access to names would preferably include using pseudonyms or other unique identifier rather than a full or real name.

In addition to whether it is technically possible, there may be an issue of whether it is feasible to redact information in a record, and whether the court or clerk has the resources to do so. The

work needed to exhaustively review a large file or document to find information to be redacted may be prohibitive, such that access to the whole file or document would be restricted, rather than attempting redaction.

There is information that may be contained in court records which has not been protected in state statute, but may raise significant privacy interests that individuals may seek to protect pursuant to this section:

1.       Medical records; State *v. Nelson*, 283 Mont. 231, 242, 941 P.2d 441, 448 (1997). These records may include descriptions or analysis of a person's DNA or genetic material, biometric identifiers, psychological evaluations, examination, diagnosis, evaluation or treatment records and photographs. In addition to court files in connection with a specific case, such information may also be found in jury questionnaires. See discussion below.

2.       Identity of a witness where the physical safety of the witness is in actual jeopardy and no less restrictive means of protecting the right to privacy are available. *Great Falls Tribune v. District Court*, 238 Mont. 310, 319, 777 P.2d 345, 350 (1989). Other individuals who may similarly be in actual jeopardy could include victims in stalking or domestic violence cases, informants or potential or sworn jurors in a criminal case. Such identifying information may include a telephone number, address, email address or place of employment.

3.       Financial information that provides identifying account numbers on specific assets, liabilities, accounts, or credit cards. Such information may be found within jury questionnaires, applications filed to request the waiver of court fees or the appointment of counsel at public expense, and child support enforcement documents.

4.       Full addresses of children who are victims or witnesses.

5.       Photographs and other admitted exhibits depicting violence, death, or children subjected to abuse.

6.       State income or business tax returns.

7.       Personnel records, *Montana Human Rights Bureau v. City of Billings*, 199 Mont 434, 443, 649 P.2d 1283, 1288 (1982).

8.       Search warrants and affidavits prior to the return on the warrant.

9.       Arrest warrants and affidavits prior to the arrest of the person named.

10.      Proprietary business information, § 30-14-406 (2005), MCA.

11.      Judicial work product.

12.      Court administration and clerk of court work product.

13.      Certain court administration records.

14. Information gathered or created during the investigatory phase that is related to the performance, misconduct or discipline of a lawyer, which had been deemed confidential pursuant to Rule 20 of the Rules of Lawyer Disciplinary Enforcement.

15. Information gathered or created during the investigatory phase that is related to the performance, misconduct or discipline of a judicial officer, which had been deemed confidential pursuant to Rule 7 of the Rules of the Judicial Standards Commission.

16. Information gathered or created during the investigatory phase related to alleged misconduct by entities or individuals regulated by the judiciary.

Subsection (b) specifically allows a court to consider providing access to information to which access is categorically prohibited under section 4.50, as well as specific information in a court record to which access has previously been prohibited by a court pursuant to section 4.60(a). This subsection addresses those situations where the reasons for prohibiting access no longer apply or have changed so that the merits of public disclosure of the information now outweigh the interest in privacy.

Subsection (b) provides a standard and procedure for reviewing a previous decision to prohibit public access to information. Subsection (b) also provides that "any member of the public" can make the request for access to prohibited information. This term is defined broadly in section 2.00, and includes the media and business entities as well as individuals.

Subsection (c) contemplates a written motion seeking to prohibit, or gain, access. Although a motion is specified, this section is silent as to the need for oral argument or testimony, leaving this up to the court. Notice is required to be given to all parties by the requestor, except where prohibited by law. The subsection gives the court discretion to require notice to be given to others identified in the information that is the subject of the request. If public access to the information was restricted by a prior request, the subsection requires the court to arrange for notice to be given to the person who made the prior request. The process for seeking review by an appellate court is not specified in the policy, as the normal appeal process for a judicial decision is assumed to apply.

# When Accessible

## Section 5.00 – When Court Records May Be Accessed

(a) Court records will be available for public access in the courthouse during hours established by the court. Court records in electronic form to which the court allows remote access under these rules will be available for access at least during the hours established by the court for courthouse access, subject to unexpected technical failures or normal system maintenance announced in advance.

(b)     Upon receiving a request for access to information the court will respond within a reasonable time regarding the availability of the information and provide the information within a reasonable time.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section requires a court to specify when court records are accessible. The rules direct, as a minimum, that remote access be available at the same times as records are accessible at the courthouse. This section does not preclude or require "after hours" access to court records in electronic form. Courts are encouraged to provide access to records in electronic form beyond the hours access is available at the courthouse, with a goal of twenty-four hours a day, seven days a week. However, it is not the intent of the rules to require courts to expend money or other resources to make remote access possible outside of normal business hours. The section acknowledges that access to electronic records may occasionally not be available during normal business hours because of unexpected interruptions to information technology systems, crashes, and during planned interruptions such as for back-up of databases, software upgrades or maintenance, or hardware upgrades or maintenance.

Subsection (b) addresses the question of how quickly the information will be made available. There are a number of factors that can affect how quickly the court responds to a request and provides the information, assuming it is publicly accessible. The response will be slower if the request is non-specific, is for a large amount of information, is for information that is in off-site storage, or requires significant amounts of court resources to respond to the request. The objective is to have a prompt and timely response to a request for information.

# Fees

## Section 6.00 – Fees for Access

(a)     Disclosure or distribution of documents is subject to the payment of applicable fees as set by statute.

(b)     The court may charge a fee for bulk distribution or compiled information in accordance with state law. To the extent that public access to information is provided exclusively through a vendor, the court will ensure that any fee imposed by the vendor for the cost of bulk and compiled information is reasonable and covers the vendor's actual costs.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section recognizes that providing access to information in court records does consume court resources. Access is not without cost. Statutory fees of the clerk of district court are enumerated in § 25-1-201, MCA. The preparation and access to the transcript of proceedings is governed by § 3-5-604, MCA.

Fees for bulk access pursuant to section 4.30 or compiled access pursuant to section 4.40, which require special programming or actions because the information is not regularly available in the form requested, shall be calculated in accordance with § 2-6-110, MCA. This section also provides that if access is provided exclusively through a vendor, any fee imposed must be reasonable.

## Section 7.00 - Obligation of Vendors Providing Information Technology Support to a Court to Maintain Court Records

(a)     If a court contracts with a vendor to provide information technology support to gather, store, or make accessible court records, the contract will require the vendor to comply with the intent and provisions of these access rules. For purposes of this section, "vendor" includes a state, county or local governmental agency that provides information technology services to a court as well as private contractors.

(b)     By contrast the vendor will be required to comply with the requirement of sections 8.10, 8.20, 8.30, 8.40 and 8.50 to educate litigants, the public, and its employees and subcontractors about the provisions of the access policy.

(c)     By contract the vendor will be required to notify the court of any requests for compiled information or bulk distribution of information, including the vendor's requests for such information for its own use. Accordingly, rules 4.30 and 4.40 apply.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section addresses situations where information technology services are provided to a court by another agency, usually in the executive branch, or by outsourcing of court information technology services to non-governmental entities. The intent is to have the rules apply regardless of who is providing the services involving court records. Implicit in these rules is that court records are under the control of the judiciary, and that the judiciary has the responsibility to ensure public access to court records and to restrict access where appropriate.

The section provides a standard applicable to vendors as well as the courts. Regulating vendors is also relevant to the issue of liability of the court for release of information that causes harm, particularly if there is no judicial immunity regarding adoption or implementation of a local policy.

Subsection (a): "Information technology support" is meant to include a wide range of activities, including records management services or equipment, making and keeping the verbatim record, computer hardware or software, database management, web sites, and communications services used by the court to maintain court records and provide public access to them. It would also apply to vendors who are only providing access to a copy of electronic court records maintained by the court itself or by an executive branch agency.

Vendor compliance is particularly important where the vendor's system is the only means of accessing the information. The court must ensure that the vendor is not using the exclusive control of access to limit access, whether through fees, technology requirements, or a requirement to sign a "user agreement," particularly if it imposes restrictions on the use of the information that the court could not impose.

Subsection (b): The requirements of the rules regarding a vendor educating its employees or subcontractors, litigants, and the public are in addition to any incentive to do so provided by the liability or indemnity provisions of applicable law or the contract or agreement with the court.

Subsection (c): This subsection requires vendors to notify the court of requests for bulk information (pursuant to section 4.30) or compiled information (pursuant to section 4.40). The court must receive this notice in order to properly control the release of information in its records.

# Obligation of the Court to Inform and Educate

Section 8.00 – Information and Education Regarding Access Rules

Section 8.10 – Dissemination of Information to Litigants about Access to Information in Court Records

The court will make information available to litigants and the public that information in the court record about them is accessible to the public, including remotely and how to request to restrict the manner of access or to prohibit public access.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section recognizes that litigants may not be aware that information provided to the court, by them or other parties in the case, generally is accessible to the public, including, possibly, bulk downloads. Litigants may also be unaware that some of the information may be available in electronic form, possibly even remotely. This section requires the courts to inform litigants about public access to court records so they can make efforts to protect their privacy throughout the proceedings. Such a requirement ensures that the public is provided the information necessary to protect their interests.

This section also specifically requires the court to inform litigants of the process for requesting restrictions to the manner of access under section 4.50, and to inform litigants about how to request prohibition of public access to information in their case pursuant to section 4.60. This would be especially important in cases involving domestic violence, sexual assault, stalking, or requests for protective orders and witnesses where there is a greater risk of harm to individuals.

## Section 8.20 – Dissemination of Information to the Public about Accessing Court Records

The Court will develop and make information available to the public about how to obtain access to court records pursuant to these rules.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

Public access to court records is meaningless if the public does not know how to access the records. This section establishes an obligation on the court to provide information to the public, which should include jurors, victims, witnesses and other participants in judicial proceedings, about how to access court records.

## Section 8.30 – Education of Judges and Court Personnel about the Access Rules

All courts and clerks of court shall ensure that their personnel comply with these access rules and respond to requests for access in a manner consistent with the rules.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

This section mandates that the court and clerk of court educate and train their employees to be able to properly implement an access policy. Properly trained employees will provide better customer service, facilitating access when appropriate, and preventing access when access is restricted or prohibited. When properly trained, there is also less risk of inappropriate disclosure, thereby protecting privacy and lowering risk to individuals from disclosure of sensitive information. Training should also be provided to employees of other agencies, or their contractors, who have access to information in court records, for example as part of shared integrated criminal justice information systems.

## Section 8.40 – Education about Process to Change Inaccurate Information in a Court Record

All courts will inform the public of the rules by which the court will correct, expunge or update inaccurate information.

## Section 8.50 – Procedure to Correct, Expunge or Update Inaccurate Information

An individual who believes that a case record contains clerical errors may submit a written request for correction to the court, clerk of court, or other custodian who maintains the record, with a copy served on all parties to the case. Such request shall be no longer than two pages in length. The custodian shall promptly do one of the following:

(a) correct a clerical error for which no court order is required; (b) forward the request to the court to be considered informally; or (c) forward the request to the party or participant who submitted the record containing the alleged clerical error who in turn may seek appropriate relief from the court. Upon forwarding under clause (b), the court may either correct the error on its own initiative or direct that the request will only be considered pursuant to a motion requesting correction. The court's direction may also establish appropriate requirements for a motion. The request for correction authorized in the rule need not be exhausted before other relief is requested.

**Task Force Commentary and Selected Text from CCJ/COSCA Guidelines for Public Access to Court Records**

Court records are as susceptible to errors or incomplete information as any other public record. Section 8.40 and 8.50 establishes the method for reviewing information in court records and making any changes or additions to make the record more accurate or complete.

# Forms

Section 9.00 – Forms

Section 9.10 Petition for Compiled Information to which Public Access has been Restricted.

**Task Force Commentary on Rule 9.00**

It is anticipated that more forms will be necessary to assist both the courts and litigants in providing pubic access to court records while protecting individual privacy interests. Form 9.10 is included at the outset as it will be required under Section 4.40.

**Petition for Compiled Information**
**To Which Public Access Has Been Restricted**

Pursuant to Section 4.40(c) of the Rules for Privacy and Public Access to Court Records in Montana, the undersigned represents and petitions as follows:

1.    Petitioner's full name: _____

2.    Petitioner's residential address: _____
_____

3.    Petitioner's phone number: (_____) _____

4.    Petitioner represents the following business, institution or organization:
_____

5.    Address of Business, institution or organization: _____
_____

6.    Phone number of business, institution or organization: (_____) _____

7.    The information sought is described as follows:

8.    The provisions for securing the protection of the above information are as  follows:

9.    Petitioner states that while the information in the above compiled data may be synthesized, summarized or reformatted for scholarly or journalistic purposes, the data itself will not be sold, published or otherwise disseminated.

10.   Petitioner understands that a court of competent jurisdiction may make such additional orders as may be needed to protect information to which access has been restricted or prohibited.

_____
Petitioner

**Verification**

State of _____

County of _____

The undersigned, being first duly sworn, on oath, swears (or affirms) that___he___she is the Petitioner named above, that ___he___she has read the Petition, and that the statements made in the Petition are true.

_____
Petitioner

Signed and sworn to (or affirmed) before me on (date)_____
By (name of Petitioner) _____

_____
Notary Public for the State of Montana

_____
Printed Name of Notary

_____
Residence of Notary

_____
Expiration Date of Notary Commission